UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHELLE R. JACKSON, <br><br> Plaintiff, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:21-cv-02467 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MICHELLE R. JACKSON ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial amount of the events and omissions that gave rise to Plaintiff's cause of action occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Hunt County, Texas, which is within the Northern District of Texas.

5. Defendant is a limited liability company formed under the laws of the State of Delaware with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia. Defendant uses the mail and/or telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas. Defendant was founded in 1996 and is one of the Nation's largest debt collectors.[1]

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon an allegedly defaulted credit card debt ("subject debt") with a balance of $2,426.39 that Plaintiff purportedly owed to Capital One Bank (USA), N.A. ("Capital One").

8. Plaintiff incurred the subject debt in order to purchase personal and other consumer goods and/or services.

9. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was charged off, ultimately winding up in Defendant's hands for collection.

---

[1] https://www.portfoliorecovery.com/prapay/help/out-us

10. Around May of 2021, Plaintiff began receiving calls to her cellular phone, (903) XXX-5299, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5299. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has used several numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (214) 491-5323 and (903) 228-3799.

13. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

14. During answered calls, Plaintiff was subjected to a noticeable pause, having to say "hello" several times, before being connected to a live representative.

15. Upon speaking with Defendant, Plaintiff was informed that it is acting as a debt collector attempting to collect upon the subject debt.

16. In or around July of 2021, Defendant's harassing collection campaign caused Plaintiff to demand that Defendant cease calling her cellular phone, her place of employment, and her boyfriend.

17. Defendant willfully ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone, her place of employment, and her boyfriend seeking payment on the subject debt.

18. In addition to the continued phone calls Defendant placed to Plaintiff's cellular phone, Defendant has also saw fit to contact Plaintiff's place of employment as well as her boyfriend attempting to locate her, despite Defendant having Plaintiff's location and contact information.

19. Upon information and belief, Defendant placed phone calls to Plaintiff's place of employment and to her boyfriend not in a legitimate attempt to gather location information regarding Plaintiff – as Defendant already had Plaintiff's contact information and knew how to get ahold of Plaintiff – but instead to put outward pressure on Plaintiff to address the subject debt.

20. Plaintiff and third parties have received dozens of calls from Defendant despite Plaintiff's explicit demands such contacts cease.

21. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls from debt collectors, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §§ 1692b and c**

29. The FDCPA, pursuant to § 1692b, governs what debt collectors must do when placing phone calls to any person other than the consumer. Under § 1692b(3), a debt collector must "not communicate with any such person more than once unless requested to do so by such person . . . ." Additionally, under 15 US.C. § 1692c(b), "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

30. Defendant violated §§ 1692b and c(b) through its placement of phone calls to Plaintiff's boyfriend and her place of employment. Defendant repeatedly and on numerous occasions communicated with third parties in connection with its efforts to locate and collect upon Plaintiff.

    b. **Violations of FDCPA §§ 1692c(a)(1) and c(a)(3)**

31. The FDCPA, pursuant to § 1692c(a)(1), prohibits debt collector from communicating with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. Further, § 1692c(a)(3) prohibits debt collectors from attempting to contact a consumer "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."

32. Defendant violated §§ 1692c(a)(1) &c(a)(3) when it continued contacting Plaintiff's place of employment seeking collection of the subject debt from Plaintiff despite Plaintiff having previously informed Defendant not to contact her place of employment.

33. Defendant further violated § 1692c(a)(1) when it repeatedly contacted Plaintiff after her demands for such calls to cease. Defendant's persistence in placing calls in light of Plaintiff's demands underscores the extent to which Defendant knowingly contacting Plaintiff and times and places inconvenient to her.

   c. **Violations of FDCPA §1692d**

34. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

35. Moreover, 15 U.S.C. §1692d(5) further prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

36. Defendant violated §§ 1692d and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant continued to call Plaintiff after she had demanded that it stop calling her. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

37. Defendant further violated §§ 1692d and d(5) when it repeatedly placed calls to third parties, including Plaintiff's employer and boyfriend, in collection with its efforts to collect the subject debt from Plaintiff, despite Plaintiff demanding such calls cease. Defendant placed such

repeated calls in a harassing attempt to create outward pressure on Plaintiff to address the subject debt.

### d. Violations of FDCPA § 1692e

38. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

40. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting her, her boyfriend, and her place of employment, Defendant continued to contact Plaintiff and third parties. Instead of putting an end to this harassing and unlawful behavior, Defendant systematically placed calls to Plaintiff's cellular phone, her place of employment, and her boyfriend in a deceptive attempt to force her and others to answer its calls and ultimately make a payment, despite the unlawful nature of Defendant's conduct. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her and third parties.

### e. Violations of FDCPA § 1692f

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and

unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

43. Defendant further violated § 1692f through the unfair nature of its collection campaign which focused on calls to third parties.

44. As pled in paragraphs 20 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff MICHELLE R. JACKSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

47. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

48. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

49. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

50. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone, her place of employment, and her boyfriend after she notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

51. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

    b. **Violations of TDCA § 392.304**

52. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

53. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone and third parties. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone and

third parties, despite Plaintiff's clear directives such conduct must cease and the generally unlawful nature of Defendant's conduct.

WHEREFORE, Plaintiff MICHELLE R. JACKSON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 7, 2021                                    Respectfully submitted,

*/s/ Nathan C. Volheim*
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com